UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ISMAEL NAMBO SOLORIO,<br><br>　　　　　　Petitioner,<br>　　v.<br><br>MERRICK B GARLAND, ALEJANDRO MAYORKAS, ACTING DIRECTOR OF THE UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, DREW BOSTOCK, SEATTLE FIELD OFFICE DIRECTOR UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, BRUCE SCOTT,<br><br>　　　　　　Respondent. | Case No. C21-1068 RSL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTING DATE: DECEMBER 15, 2021 |

This matter has been referred to the undersigned Magistrate Judge pursuant to *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976), 28 U.S.C. § 636(b)(1)(B), and Local Rule MJR 4(a)(4), and is before the Court on respondents' motion to dismiss for mootness. Dkt. 9. Petitioner is *pro se.* For the reasons set forth below, the undersigned recommends the Court grant respondents' motion.

FACTUAL AND PROCEDURAL BACKGROUND

On August 5, 2021 petitioner Ismael Nambo Solorio, a detainee in the custody of the Department of Homeland Security's Bureau of Immigration and Customs Enforcement ("ICE") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §

REPORT AND RECOMMENDATION - 1

2241. Dkt. 5. Respondent filed a motion to dismiss on October 6, 2021, arguing that the petition was mooted by petitioner's release from detention and removal from the United States on September 17, 2021. *See* Dkt. 9-1 ("Warrant of Removal/Deportation"). Petitioner did not file an opposition to the motion, and the time period in which to do so has expired.

According to the allegations in the habeas corpus application, the petitioner was confined for 730 days. Dkt. 5 at 6. Petitioner sought to be released with supervision or an order that he was entitled to bond hearing. *Id.* at 2.

## DISCUSSION

### I.    MOTION TO DISMISS

#### A. Petitioner's Failure to Respond

"Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Civil Rule (LCR) 7(b)(2). Before the Court grants a motion to dismiss on these grounds, it must "weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Both the public interest in expeditious resolution and the Court's need to manage its docket weigh in favor of dismissal here. The Court's resources are limited and are best spent on cases with a strong chance of resulting in relief.

NOTING DATE: DECEMBER 15, 2021 - 2

Petitioner's failure to respond to the motion to dismiss suggests a lack of interest in pressing his case and a lack of belief in its merits. No less drastic sanction than dismissal appears to be available. Although the public policy favoring disposal of cases on their merits weighs in favor of reaching the merits of this case, the other four factors strongly favor dismissal under LCR 7(b)(2).

Although the Court construes pleadings liberally in favor of pro se litigants, those litigants are still bound by the rules of procedure. *Ghazali*, 46 F.3d at 54.

Because the factors in *Ghazali* weigh in favor of dismissal under LCR 7(b)(2) based on petitioner's failure to respond to the motions to dismiss, the Court should dismiss petitioner's habeas petition.

In addition, as discussed below, the Court should also find that the motion to dismiss succeeds on its merits.

B. <u>Merits of Respondents' Motion</u>

In their motion to dismiss, respondents argue that the present habeas petition is moot in light of the petitioner's release from confinement and removal from the United States on September 17, 2021. *See* Dkt. 9 at 2. Respondents have submitted petitioner's warrant of removal/deportation. *See* Dkt. 9-1.

In habeas corpus proceedings under 28 U.S.C. § 2241, like other federal habeas statutes, petitioner must be in custody when the petition is filed – custody is a jurisdictional prerequisite. *See* 28 U.S.C. § 2241(c)(1) (stating that "[t]he writ of habeas corpus shall not extend to a prisoner unless [h]e is in custody....").

However, the fact that a petitioner is released from custody does not automatically render a habeas case moot where the custody requirement was met as its

NOTING DATE: DECEMBER 15, 2021 - 3

inception. The dispositive question for mootness purposes is whether justiciable case or controversy remains. *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477–78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (Article III "case or controversy" requirement applies throughout all stages of judicial proceedings). The "case or controversy" requirement is satisfied where the plaintiff "'[has] suffered, or [is] threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (citation omitted).

There is an exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." *Spencer*, 523 U.S. at 17. This exception is limited to extraordinary cases where (1) the duration of the challenged action is too short to allow for full litigation before it ends, and (2) there is a reasonable expectation that the petitioner will be subjected to the challenged action again. *Id.*; *Alaska Ctr. For Env't v. U.S. Forest Serv.*, 189 F.3d 851, 854–55 (9th Cir. 1999); *Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996). Petitioner has "the burden of showing there is a reasonable expectation that [he] will once again be subjected to the challenged activity." *Lee v. Schmidt–Wenzel*, 766 F.2d 1387, 1390 (9th Cir. 1985) (citation omitted). "[W]hen the chance of repetition is remote and speculative, there is no jurisdiction." *Id.*

Petitioner has not alleged or shown that the time spent in ICE detention pending removal proceedings (or a proceeding to determine the appropriateness of release under conditions of supervision or a bond hearing) "is always so short as to evade review." *Spencer*, 523 U.S. at 18. Moreover, petitioner has not alleged or shown that

there is a reasonable expectation he will be subjected to prolonged and indefinite detention again.

For the reasons discussed above, the Petition should be dismissed as moot. *See Masters v. Schitgen*, 28 Fed.Appx. 712, 714 (9th Cir. 2002) ("Masters' claim that his INS detention was unconstitutional is now moot due to his deportation and release from INS detention").

CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court GRANT respondents' motion to dismiss (Dkt. 9) petitioner's habeas petition.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on December 15, 2021, as noted in the caption.

Dated this 1st day of December, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge